**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **ARMANDO BARAGAN RAMIREZ,** | : : | **MOTION TO VACATE** **28 U.S.C. § 2255** |
| **BOP Reg. # 55008-019,** | : | |
| Movant, | : : | |
| v. | : : | **CRIMINAL ACTION NO.** **1:03-CR-493-ODE-AJB-12** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:16-CV-4290-ODE-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Armando Baragan Ramirez, confined in the Beaumont Low Federal Correctional Institution in Beaumont, Texas, has submitted a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:03-cr-493-ODE-AJB-12. [Doc. 2598.][1] The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as impermissibly successive.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:03-cr-493-ODE-AJB-12.

## I.     **Discussion**

In a second superseding indictment returned on December 7, 2004, Movant was charged with the following offenses: (1) conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), (vii), (viii) and 846, (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Doc. 1040 at 2-4, 7, 17-19.] On January 24, 2005, a jury found Movant guilty of all three charges. [Doc. 1450.] On August 2, 2005, the District Court sentenced Movant to 295 months imprisonment. [Doc. 1772 at 2.] The United States Court of Appeals for the Eleventh Circuit affirmed on April 19, 2007. *See United States v. Garcia-Jaimes*, 484 F.3d 1311 (11th Cir. 2007) (consolidated appeal). [Doc. 2063.]

Movant executed his first § 2255 motion on June 12, 2008. [Doc. 2106 at 18.] The District Court denied the § 2255 motion on the merits on September 15, 2010. [Doc. 2339.] The Eleventh Circuit denied Movant's motion for a certificate of appealability on June 3, 2011, and denied reconsideration on September 29, 2011. [Docs. 2409, 2450.] On December 23, 2015, the District Court issued an amended order reducing Movant's sentence to 248 months imprisonment. [Doc. 2560.]

2

AO 72A
(Rev.8/82)

Movant filed the present § 2255 motion on November 16, 2016. [Doc. 2598.] Movant argues that (1) the District Court improperly applied the sentencing enhancement in U.S.S.G. § 3B1.1(a) for organizing the conspiracy, and (2) he is "eligible for the retroactive minor role reduction" in U.S.S.G. § 3B1.2, pursuant to *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). [*Id.* at 2-4.][2]

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Unless the Eleventh Circuit authorizes a second or successive motion to vacate, the District Court lacks subject matter jurisdiction to consider such a motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Because Movant's first § 2255 motion was denied on the merits, he must obtain authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion. Movant has failed to obtain the necessary authorization.

---

[2] The United States Court of Appeals for the Ninth Circuit (1) held that the "retroactive minor role reduction" to which Movant refers "applies . . . in direct appeals," but (2) did not consider whether "a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Quintero-Leyva*, 823 F.3d at 521 & n.1.

AO 72A
(Rev.8/82)

Therefore, the District Court lacks subject matter jurisdiction to consider the present § 2255 motion. *See United States v. Florence*, 411 Fed. Appx. 230, 231 (11th Cir. Jan. 25, 2011) (per curiam) (stating that absent authorization to file second or successive § 2255 motion, district court lacks subject matter jurisdiction).

## II. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 2598], be **DISMISSED** as impermissibly successive, and (2) civil action number 1:16-cv-4290-ODE-AJB be **DISMISSED**.[3]

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

---

[3] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291); Rule 11(a) of the Rules Governing Section 2255 Proceedings (indicating that § 2253(c) applies to § 2255 motions).

**IT IS SO RECOMMENDED and DIRECTED**, this  5th   day of December, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)